UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:16 CR 00384 CDP |
| | ) | |
| MICHAEL ALLEN CLOW, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**THE UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM**

Comes now the United States of America, by and through its attorneys, Richard G.

Callahan, United States Attorney for the Eastern District of Missouri, and Anthony L. Franks,

Assistant United States Attorney for its Sentencing Memorandum states as follows:

I.      **Introduction**

From 2001 to 2012, Michael Allen Clow (defendant) and his wife conspired to conceal

that defendant was working while he and his family received $273,634 of disability benefits

from the Social Security Administration (SSA) based upon defendant and his wife's claim that

defendant's alleged chronic back pain prevented him from working.  (*See* Doc. No. 6, Guilty

Plea (hereinafter "Guilty Plea"), pp. 4, 6 - 7.)  Defendant's scheme was revealed when he was

surveilled reporting to a physician and claiming that, besides engaging in activities in daily

living, he was limited to sitting and laying down.  (*Id*. at 5.)  Two hours after making those

claims defendant's wife drove him to an apartment building where he worked on repairing a roof

while working in a business defendant and his wife founded while he was on disability. (*Id*. at 5-

1

6). While at the work site, defendant engaged in manual labor, including but not limited to walking up and down a ladder, squatting, bending, walking on different sections of the roof, cutting and pulling shingles, swinging a hammer, and carrying tools. (*Id*. at 6.)  Photos of defendant on the work site engaged in activities that he claimed two hours before that he could not do are below:

  

Further investigation revealed that defendant earned approximately $4,000 monthly from his construction business. (*Id*. at 5.) During the same period, defendant reported to SSA that he had done no work. (*Id*. at 4-5.)

On August 31, 2016, defendant pled guilty to four counts of a four-count Information on the charges of Conspiracy in violation of Title 18 U.S.C. § 371, Concealment of Event Affecting Social Security Benefits, in violation of 42 U.S.C. §§ 408(a)(4) and 408(a) and False Statements, in violation of 42 U.S.C. §§ 408(a)(3) and 408(a).

Based upon defendant's criminal history and the total offense level here, defendant's guideline range is 21 to 27 months' imprisonment. (Presentence Investigation Report (PSR), ¶ 67.) Defendant's action here, including the long span of his conspiracy, the amount of loss, and involving others in his crime establish that this is a serious crime. That, coupled with the need to

promote respect for the law, and to deter defendant from future criminal conduct warrant a guideline sentence.

**II.      History and Characteristics of Defendant**

      Defendant is 46 years old. (PSR, p. 3.) He is in criminal history category II. (PSR, ¶ 40.)

**III.     Nature and Circumstances of the Offense**

      Over an eleven-year period of time defendant conspired and intentionally failed to report to SSA that he was working while he and his family received over $270,000 in SSA disability benefits.  (Guilty Plea, p. 7.)  Defendant's offense was not a mistake.  Defendant, his wife, and his business partner R.M. took out several loans and acquired assets to use in their business.  (*Id.* at 4-6.)  Defendant actively conspired to conceal his work activities and income by failing to report this to SSA. (Guilty Plea, p. 7.)

**IV.     Sentencing Objectives**

      A sentence in the range of 21 -27 months will reflect the serious nature of the offense and achieve the sentencing goals of punishment and deterrence.  First, defendant's crimes are serious. Defendant enlisted others to execute his illegal scheme.  Moreover, defendant's actions were the result of knowing, willful decisions made for over a decade.  Defendant also appears to have profited significantly from his crimes by essentially earning two incomes, one from SSA and one from his business. A guideline sentence will adequately punish defendant for his actions and afford adequate deterrence to criminal conduct by defendant.

      A guideline sentence would also promote respect for the law. Over the span of over eleven years, defendant blatantly broke the law, and it appears to be solely motivated by greed. Defendant earned over $4,000 a month from working in his business. Not satisfied with that,

defendant defrauded the SSA and stole over $270,000 claiming that he could not work when that was clearly false.  Issuing a strong guideline sentence would promote respect for the law and deter others from defrauding the SSA.

## CONCLUSION

For the reasons stated herein, the Government respectfully requests this Court to sentence defendant within the guidelines 21- 27 months.

Respectfully submitted,

RICHARD G. CALLAHAN

United States Attorney

 *s/ Anthony Franks*
ANTHONY FRANKS, #50217MO
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2017, the foregoing was filed electronically with the Clerk of the Court, and served upon the following:

Carter Collins Law, Esq.

*s/ Anthony Franks*
ANTHONY FRANKS, #50217MO

4